## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| TRUSTEES OF INTERATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 21 HEALTH & WELFARE FUND and PAINTERS DISTRICT COUNCIL 21 FINISHING TRADES INSTITUTE; and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 21, BERNIE SNYDER, in his official capacity as a fiduciary, 2980 Southampton Road Philadelphia, PA 19154 | Case No. |
|  | *Civil Action* |
| *Plaintiffs*, v. | |
| SOUTHEAST BRIDGE FL CORP, a Florida for Profit Corporation 38856 US Highway 19 North Tarpon Springs, FL 34689; MICHAEL T. TSALICKIS, an individual; DIMITRIOS T. TSALICKIS, an individual; EVIE K. TSALICKIS, an individual, | **COMPLAINT** |
| *Defendants.* | |

## COMPLAINT

Plaintiffs, by undersigned counsel, state about Defendants as follows:

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are made under

federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2.      A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3.      The Eastern District of Pennsylvania is the proper venue under 29 U.S.C. §§ 185(a) or 1132(e)(2) because the DC21 Funds are administered in this judicial district and Defendant Southeast Bridge operates in this district.

## PARTIES

4.      Plaintiff, International Union of Painters and Allied Trades[1] District Council 21 Welfare Fund ("Welfare Fund")[1], is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee (welfare) benefit plan" within the meaning of 29 U.S.C. § 1002(1), (3) and (37). The Welfare Fund maintains a place of business and is administered from an office located at the address in the caption of this Complaint.

5.      Plaintiff, Bernie Snyder (hereinafter "Snyder"), is a trustee and fiduciary of the Welfare Fund within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Welfare Fund and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Welfare Fund and the Welfare Fund as an organization.

---

[1]  International Union of Painters and Allied Trades is hereinafter abbreviated as "IUPAT."

6.      The Welfare Fund and Snyder are authorized collection fiduciaries and/or agents for several funds that also relate to work done under collective bargaining agreements with IUPAT District Council 21.[2]  A true and correct copy of the IUPAT DC 21 CBA, including Company's signature page thereto, is attached as Exhibit 1.

7.      The Welfare Fund, Annuity Fund, Apprenticeship Fund, Scholarship Fund, the DC21 Funds and the DC 711 Funds, to the extent they qualify as qualified employee benefit plans under ERISA, are jointly or severally referenced as "ERISA Funds." True and correct copies of the Welfare Fund Trust Agreement and the Welfare Fund Delinquency Policy are attached as Exhibits 2 and 3, respectively.

8.      Defendant, Southeast Bridge FL Corp ("Defendant" or "Company"), was a duly registered Florida corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. Company is an employer by virtue of ERISA §3(5), 29 U.S.C. §

---

[2] Those funds are:

(a)      The International Union of Painters & Allied Trades District Council 21Annuity a/k/a IUPAT District Council 21 Annuity Fund ("Annuity Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3);

(b)      International Union of Painters and Allied Trades District Council No.21 ("Union"), an unincorporated labor organization within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as amended, 29 U.S.C. § 185, with its principal office located at 2980 Southampton Road, Philadelphia, PA 19154. Effective June 1, 2022, the Union succeeded by merger to the IUPAT District Council 711. At the times relevant to this Complaint, IUPAT District Council 21 was the collective bargaining agent for the covered employees of Southeast Bridge for work performed in Pennsylvania, and IUPAT District Council 711 was the collective bargaining agent for the covered employees of Southeast Bridge for work performed in New Jersey. For the purposes of this Complaint, both IUPAT District Councils 21 and 711 and referred to jointly or severally as "Union"; and

(c)      IUPAT District Council No. 21 HRA Fund; IUPAT District Council 21 Training and Education Fund a/k/a Finishing Trades Institute of the Mid-Atlantic Region ("Apprenticeship Fund"); the National Apprenticeship Fund; the IUPAT District Council 21 Ralph Williams Scholarship Fund ("Scholarship Fund"); District Council 21 Labor Management Fund; the International Union of Painters and Allied Trades, District Council No. 21 Jobs Organization Program Trust Fund; Drywall Finisher Target Fund; IUPAT District Council No. 21 Vacation Fund Vacation Fund; IUPAT District Council No. 21 Benevolent Fund; IUPAT District Council No. 21 Political Action Fund; and the IUPAT District Council No. 21 Industry Advancement Fund (altogether with Welfare Fund and Annuity Fund, "DC 21 PA Funds"); and

(d)      International Union of Painters and Allied Trades District Council 711 Vacation Fund; District Council 711 Finishing Trades Institute; New Jersey Industrial Painters Association, Inc. Industry Advancement Fund; District Council 711 Labor Management Fund; IUPAT District Council 711 Political Action Fund; Safety Training Recognition Awards Program ("STARS"); District Council 711 Health and Safety Monitoring Fund; Health and Safety Monitoring; and District Council 711 Job Targeting Program (altogether "DC 711 Funds" and together with Union, Snyder, and DC 21 Funds, "Plaintiffs" and "Plaintiff Funds").

1002(5), and NLRA §2(2), 29 U.S.C. §152(2). Company did business with the Funds that was sufficient to create personal jurisdiction over Company in this district. A substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

9.      Individual Defendants Michael T. Tsalikis, Dimitrios T. Tsalickis, and Evie K. Tsalickis (collectively "Individual Defendants") are in possession of plan assets that were required to be paid into the applicable Plan/Fund. Michael T. Tsalikis is listed as the Registered Agent, President, and Incorporator of the Company with the Florida Department of State. As of April 1, 2026, Company's corporate status in Florida was active.

10.      The Trust Agreement  defines Plaintiff Funds  as "comprised of all assets and liabilities of the Welfare Fund, all contributions paid *or due* to or for the Welfare Fund pursuant to collective bargaining agreements . . ." Ex. 2, Decl. of Trust (emphasis added).

11.      Individual Defendants are fiduciaries of the Funds pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), which states that even for individuals not explicitly named as fiduciaries, the power to allocate plan assets renders them subject to ERISA as de-facto fiduciaries. 29 U.S.C. § 1001, et. seq. 29  U.S.C.  §  1002(21)(A).

12.      Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries… for the exclusive purpose of… providing benefits to [them]." 29 U.S.C. § 1104(a)(1).

13.      Individual Defendants breached their duty when they withheld the assets of the Funds by refusing to make contributions due and owing under the CBA and Trust Documents. Hence, Individual Defendants are jointly and severally liable with the Company for the portion of the total liability that is due to the Funds.

## COMMON FACTS

14.     At all times relevant to this action, Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "CBA") with the Union.

15.     As a term of the CBA, company also agreed to abide by the terms of the Agreement and Declaration of Trust of the DC 21 PA Welfare Fund and the DC 21 NJ Welfare Funds ("Welfare Trust Agreement" or "Trust Agreement"), made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations, and the plan and other governing documents for the Welfare Funds. Those governing documents include, but are not limited to, the collection procedures for the various funds.

16.     Under the CBA, Trust Agreements, plan documents, or other governing documents of the Funds, Company agreed:

(a)     To make full and timely payment on a regular basis to the Funds, as required by the Collective Bargaining Agreement, Trust Agreements, and plan documents. Ex. 1, CBA, Art. 13.

(b)     To file regular remittance reports with the Funds detailing all employees or work for which contributions were required under the Collective Bargaining Agreement. Ex. 1, CBA, Art. 13.

(c)     To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's payroll records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements or plans. Ex. 1, CBA, Art. 13.

(d)    To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b), and (c). Ex. 1, CBA, Art. 13.

17.    As far as Plaintiffs can determine from Company-submitted remittance reports, Company owes at least $425,340.14 in unpaid contributions due to Plaintiffs and $29,110.16 in liquidated damages and interest contributions.

18.    On October 29, 2025 and February 6, 2026, the Funds, through counsel, sent Company written demand for overdue contributions. The letters demanded payment within ten days of the date of the letter. The Employer did not respond to the letters.

19.    In accordance with the CBA and Trust Agreements, Company owed attorneys' fees and costs because the matter had been referred to counsel.

20.    As of the filing of this complaint, Company still has not submitted payment for the delinquent amounts due.

21.    All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

### COUNT I –

### CONTRIBUTIONS DUE UNDER THE COLLECTIVE BARGAINING AGREEMENT

22.    The allegations of Paragraphs 1 through 21 are incorporated by reference as if fully restated.

23.    Company failed to make contributions to the DC 21 Funds Plaintiffs as required by the CBA or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

24.     Based upon information currently available to the Plaintiffs, Company failed to pay amounts due under the CBA, Trust Agreements, and Plan at least the sum of $454,450.30 in violation of 29 U.S.C. § 1145, inclusive of $425,340.14 in delinquent contributions and $29,110.16 in liquidated damages and interest.

25.     The Plaintiffs have been damaged by Defendants' failure to make contributions as required by the CBA or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Defendants, jointly and severally, and in favor of the Plaintiffs individually, for contributions owed, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the CBA or Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II:

### CONTRIBUTIONS DUE UNDER ERISA

24.     The allegations of Paragraph 1 through 25 are incorporated by reference as if fully restated.

25.     Company failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by any applicable statute of limitations or similar bar.

26.    Based on information currently available to the ERISA Funds as a result of the Audit of Company's records and Company-provided remittance reports, Company failed to pay amounts due under the CBA and Trust Agreements in violation of 29 U.S.C. § 1145.

27.    The ERISA Funds have been damaged by Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    Enter judgment against Defendants, jointly and severally, in favor of the ERISA Funds individually for the contributions found due and owing, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment; and

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

Spear Wilderman, P.C.

Dated: June 1, 2026                BY: /s/ Daniel J. Symonds

DANIEL J. SYMONDS, Esq. (ID No. 337779)
230 South Broad St. Suite 1650

Philadelphia, PA 19102
215-732-0101
dsymonds@spearwilderman.com
*Attorney for Plaintiffs*